**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARY HARLEY**, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-3870** |
| | : | |
| **POLICE DISTRICT 15TH DISTRICT** | : | |
| **& 2ND DISTRICT**, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**MARSTON, J.**                                              **November 4, 2021**

Currently before the Court is a *pro se* Complaint filed by Mary Harley, naming herself and her son Elijah Jerome Harley, also known as Elijah Rose, as plaintiffs.  (ECF No. 2.) Harley[1] also filed a Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 1.)  For the following reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**

The Complaint names the following Defendants:  (1) "Police District 15th District & 2nd District"; (2) Northwest Detective McGuigan; (3) "35th District Police District Department"; (4) Northwest Detective Davis; (5) Detective Sloan; (6) Police Officer Madara; (7) Police Officer Pinto; and (8) "All Police Officers From All Police Districts that Have False Claims Against Him."  (ECF No. 2 at 2.)[2]  The gist of the Complaint is that the Defendants are allegedly responsible for wrongfully incarcerating Harley's son on "false robbery charges."  (*Id.* at 3.)  The

---

[1] The Court will use "Harley" to refer to Mary Harley.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Complaint reflects Harley's intention to bring claims for criminal violations, civil rights violations, and medical malpractice based on her son's alleged wrongful imprisonment. (*Id.*) She asks the Court to "reward [her] son from all police districts that locked [him] up" and beat him. (*Id.* at 4.) Harley also alleges that she experiences migraines "from the same electromagnetic fields radio frequency radiowaves that [she] had lived with from the public detector."[3] (*Id.* at 5.)

In an Order entered on the docket on September 7, 2021, the Court observed that the Complaint, which is written from Harley's perspective but seeks relief for her son, listed both Harley and her son as Plaintiffs and was signed by both of them. (ECF No. 4.) Since it appeared that both Harley and her son might have intended to proceed as parties to this case, and since only Harley had filed for leave to proceed *in forma pauperis*, the Court gave Harley's son thirty days to either pay the fees or move to proceed *in forma pauperis* if he intended to join this case. (*Id.*) The Order was mailed to Harley's son at the prison where he is incarcerated, but he did not file a response to the Order. Accordingly, the Court will dismiss Harley's son as a party to this case without prejudice to his ability to file his own lawsuit if he chooses to do so.[4]

## II.     STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears Harley is incapable of prepaying the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other reasons, "the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing

---

[3] It is not clear how this allegation relates to any claims against the Defendants.

[4] The Court expresses no opinion on the merits of any such lawsuit.

obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.    DISCUSSION

Harley brings claims based on harm suffered by her son and seeks compensation on her son's behalf.  "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc*., 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).   Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children. *See Osei-Afriyie v. Med. Coll. of Pa*., 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").  Accordingly, the Court must dismiss Harley's Complaint because Harley lacks standing to pursue claims on her son's behalf. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, Civ. A. No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").  To the extent the Complaint can be liberally construed to raise claims

on Harley's behalf, the Court cannot discern a factual or legal basis for a claim against the Defendants.[5]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice for lack of standing because Harley cannot prosecute claims on behalf of her son.  Because the Complaint only raises claims on Harley's behalf, she has no standing, and the Court finds that amendment would be futile.  An appropriate Order follows.

BY THE COURT:

*/s/ Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

---

[5] Some of the allegations in Harley's Complaint mirror allegations she made in a Complaint she filed approximately two weeks before she filed the instant case.  *See Harley v. City of Phila. City Gov't*, Civ. A. No. 21-3680 (E.D. Pa.).  That case was also dismissed.